1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

JOHN JOSEPH VENTIMIGLIA,          Case No. 8:22-cv-00271-MCS-JDE

11              Plaintiff,        **STIPULATED PROTECTIVE
                                  ORDER**
12       v.
                                  [Note Changes by the Court]
13   EQUIFAX INFORMATION
     SERVICES, LLC, EXPERIAN
14   INFORMATION SOLUTIONS, INC.,
     TRANS UNION, LLC, and KIA
15   MOTORS FINANCE COMPANY,

16              Defendants.

17

18          Based on the Stipulation (Dkt. 45) by and between Plaintiff John Joseph

19   Ventimiglia ("Plaintiff") and Defendants Experian Information Solutions, Inc.

20   ("Experian"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC

21   ("Trans Union"), and Kia Motors Finance Company ("Kia"), through their

22   respective attorneys of record, and for good cause shown, the Court finds and

23   orders as follows.

24          1.     This Order shall govern the use, handling and disclosure of all

25   documents, testimony or information produced or given in this action which are

26   designated to be subject to this Order in accordance with the terms hereof.

27          2.     Any party or non-party producing or filing documents or other

28   materials in this action (the "Producing Party") may designate such materials and

the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.    To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information designated as confidential by another party under this Order, the filing party shall confer with the designating party in advance of any such filing as required under Local Rule 79-5 et seq., and shall otherwise comply in all respects with Local Rule 79-5 et seq. regarding seeking authorization for sealing of such material. The mere fact that material has been designated as "Confidential" under this Order does not, in and of itself, authorize the sealing of information on the Court's docket. See Local Rule 79-5 et seq.

4.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, including the other Defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5.    Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties

STIPULATED PROTECTIVE ORDER
Case No. 8:22-cv-00271-MCS-JDE

to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); (f) experts specifically retained as consultants or expert witnesses in connection with this litigation; and (g) as required by any court order or other lawful process, with prompt notice to be provided to the designating party by the receiving party to permit the designating party to seek to challenge such order or process as permitted by law.

6.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

7.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential information and/or documents are disclosed may not disclose same to any person except as provided herein, and may not use same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.     Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9.     This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order,

1   nor the designation of any information, document, or the like as "Confidential," nor

2   the failure to make such designation, shall constitute evidence with respect to any

3   issue in this action.

4       10.    Within sixty (60) days after the final termination of this litigation, all

5   documents, transcripts, or other materials afforded confidential treatment pursuant

6   to this Order, including any extracts, summaries or compilations taken therefrom,

7   but excluding any materials which in the good faith judgment of counsel are work

8   product materials, shall be returned to the Producing Party.

9       11.    In the event that any party to this litigation disagrees at any point in

10   these proceedings with any designation made under this Protective Order, the

11   parties shall first try to resolve such dispute in good faith on an informal basis in

12   accordance with Civil Local Rule 37-1.  If the dispute cannot be resolved, the party

13   objecting to the designation may seek appropriate relief from this Court Under

14   Local Rule 37-2, et seq. During the pendency of any challenge to the designation of

15   a document or information, the designated document or information shall continue

16   to be treated as "Confidential" subject to the provisions of this Protective Order.

17       12.    Nothing herein shall affect or restrict the rights of any party with

18   respect to its own documents or to the information obtained or developed

19   independently of documents, transcripts and materials afforded confidential

20   treatment pursuant to this Order.

21       13.    The Court retains the right to allow disclosure of any subject covered

22   by this stipulation or to modify this stipulation at any time in the interest of justice.

23       IT IS SO ORDERED.

24   Dated: June 16, 2022

25                                                                  JOHN D. EARLY

26                                                                United States Magistrate Judge

27

28

STIPULATED PROTECTIVE ORDER
Case No. 8:22-cv-00271-MCS-JDE

EXHIBIT A

DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order entered in this action on June 16, 2022.

5.      I have carefully read and understand the provisions of this Stipulated Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8.      I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

//

//

//

STIPULATED PROTECTIVE ORDER
Case No. 8:22-cv-00271-MCS-JDE

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON

STIPULATED PROTECTIVE ORDER
Case No. 8:22-cv-00271-MCS-JDE